UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Candace Gulsvig Individually and on behalf of all other similarly situated, et al., | Civil No. 13-1309 (JRT/LIB) |
| Plaintiffs, | **ORDER APPROVING OF THE SETTLEMENT AGREEMENT** |
| vs. | |
| Mikki Jo Peterick et al | |
| Defendants. | |

Sonia Miller-Van Oort, Jonathan Strauss, Lorenz F. Fett, Jr., **SAPIENTIA LAW GROUP**, 12 South Sixth Street, Suite 1242, Minneapolis, MN 55402; and Jeffrey Montpetit, Susan M. Holden, Marcia Miller, **SIEBENCAREY**, 901 Marquette Avenue, Suite 500, Minneapolis, MN 55402, for plaintiffs.

Susan M. Tindal, John Iverson, Stephanie Angolkar, **IVERSON REUVERS CONDON,** 9321 Ensign Avenue South, Bloomington, MN 55438 , for defendant Mille Lacs County.

Ann R. Goering, **RATWIK ROSZAK & MALONEY, PA,** 730 Second Avenue South, Suite 300, Minneapolis, MN 55402, for defendant Mikki Jo Peterick.

Pursuant to an Order dated July 18th, 2016 (the "Preliminary Approval Order"), a final approval hearing of the proposed settlement ("Final Hearing") was held before this Court at 11:30 a.m. on September 23th, 2016. Notice of the Final Hearing was given in accordance with the Preliminary Approval Order. The Court heard and considered the Parties positions in support of the proposed settlement.

**NOW THEREFORE**, based upon the Affidavits of counsel and upon all of the files, records and proceedings herein, and the oral arguments made at the hearing of this motion, **IT IS HEREBY ORDERED:**

1. The court has subject matter jurisdiction over the subject matter of the Action, and personal jurisdiction over the Plaintiffs, Class Members, and the Defendants.

2. The Settlement Agreement is the product of good-faith, arm's-length negotiations by the Class Representatives and their Counsel, and settling Defendants and their Counsel, and the representatives of the Settlement Class and Settling Defendants were represented by capable and experienced counsel.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement is fair, adequate and reasonable.

4. The following Class is certified under Rules 23(b)(3) and 23(e) solely for the purpose of effectuating the Settlement Agreement:

    Individuals whose Minnesota Driver's License Records were impermissibly accessed by Defendant Micki Jo Peterick while she was employed at Mille Lacs County Family Services from January 1, 2009 to January 28, 2012.

5. One opt-out was timely received by Plaintiffs' Counsel on August 1, 2016 and was properly signed and dated July 28, 2016 and thus the opt-out is timely submitted.  Prior to the final fairness hearing, the opt-out was revoked, by revocation dated September 15, 2016.  Accordingly, Andrew

Marvin Olson shall be bound by this Order. In addition, one Class Member is deceased, Peggy Rivers.

6. No other Class Members have opted-out and each Class Member shall be bound by this Order; a total of 268.

7. Plaintiffs' Counsel caused a Notice of Proposed Settlement, Class Counsel's request for fees and expenses, the named Plaintiffs' request for incentive payments, and the Final Hearing, to be mailed to Class Members, giving them an opportunity to opt-out of the action, or object to the proposed settlement or any of its proposed terms. A notice was also published in the Star Tribune, St. Paul Pioneer Press, and Mille Lacs County Times in July 2016. The forms of the notice requirements of Fed. R. Civ. P. 23 and the dues process requirements of the State of Minnesota and the United States Constitutions.

8. No Class Member filed a written objection to the proposed settlement. Any objections from Class Members to the terms of the Settlement Agreement are forever barred.

9. The Court appoints the Mel Gulsvig, Candy Gulsvig and Jon Schmoll as Settlement Class representatives. The Court appoints SiebenCarey, P.A., and Sapientia Law Group, L.L.C. as Settlement Class Counsel.

10. The Court finds that Settlement Class Counsel and the Settlement Class Representatives have fully and fairly represented the Settlement Class in

order to implement the Settlement Agreement. The requirements of Fed. R. Civ. P. 23(a)(4) are met.

11. All Payments shall be made to the common fund, counsel and class members pursuant to the terms of the Parties' Settlement Agreement dated July 1, 2016, and there shall be one distribution of the gross funds.

12. From the $1,000,000.00 gross distribution, the Court approves Class Counsel's petition for attorneys' fees in the amount of $400,000.00, expenses of $21,250.21, and anticipated future fees and expenses in the sum of $10,000.00 associated with the distribution.

13. Should any small amount from the common fund remain because an even distribution cannot mathematically occur, the remaining amount shall be retained in trust and Class Counsel shall make an application for a *cy pres* distribution to the Court of any remaining funds.

14. Upon entry of this Order, the Parties shall jointly move for entry of judgment dismissing all claims of the Class Members with prejudice. The Court will, however, retain jurisdiction over this matter for the purpose of resolving any disputes under the terms of the Parties' Settlement Agreement.

15. The Release language contained in the Settlement Agreement is expressly incorporated herein in all respects, is effective on the date of this Order, and forever discharges the released parties set forth herein.

**Final Approval of the Settlement Agreement is hereby GRANTED.**

Dated: September 27, 2016
at Minneapolis, Minnesota          s/John R. Tunheim
                                   JOHN R. TUNHEIM
                                   Chief Judge
                                   United States District Court